CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
June 26, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | |
|---|---|
| **ELIZABETH TURKETTE**, on behalf of herself and others similarly situated, | )<br>)<br>) |
| *Plaintiff*, | ) Civil Case No.: 7:24cv00408 |
| v. | )<br>) |
| | ) **CLASS CERTIFICATION** |
| **MARIDOR, LLC**, | ) **REQUESTED** |
| <u>SERVE</u>: Clerk of the State Corp. Commission | ) |
| 300 E Main St. | ) **JURY TRIAL DEMANDED** |
| Richmond, VA 23219 | )<br>) |
| *Defendant.* | ) |

**PLAINTIFF'S FIRST COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND RELATED STATE STATUTES**

COMES NOW Plaintiff Elizabeth Turkette ("Named Plaintiff"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated (collectively, "Plaintiffs"), and files this Complaint against Defendant Maridor, LLC ("Maridor") for: 1) failing to pay its employees according to the minimum wage standards required by state and federal law; 2) failing to pay its employees all wages that they earned and were entitled to under state law; and 3) misclassifying employees as independent contractors, and seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 203 et seq. ("FLSA"), The Virginia Minimum Wage Act, Va. Code Ann. § 40.1-28.9 ("VMWA"), the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 et seq. ("VWPA"), and Va. Code Ann. § 40.1-28.7:7. Named Plaintiff also asserts individual claims for the Defendant's retaliation toward her for complaining about employee misclassification and her resulting financial consequences. Named Plaintiff's FLSA

1

claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), her VMWA, VWPA, and Va. Code Ann. § 40.1-28.7:7 claims are asserted as a class action pursuant to Fed. R. Civ. P. 23, and her retaliation claims are asserted individually.

The following allegations are based on personal knowledge as to Named Plaintiff's own conduct, on documents produced by Defendant, and on information and belief as to the acts of all others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. <u>INTRODUCTION</u>

1. This case involves violations of the Fair Labor Standards Act, Virginia Minimum Wage Act, Virginia Wage Payment Act, Virginia Whistleblower Retaliation Statute, Va. Code Ann. § 40.1-28.7:7, and Virginia common law. Plaintiffs have evidence that Defendant knowingly failed to properly classify workers as W-2 employees, violated state and federal wage laws by employing unlawful tipping practices, and wrongfully terminated Named Plaintiff shortly after she repeatedly complained about Defendant's unlawful employment practices.

## II. <u>JURISDICTION AND VENUE</u>

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 et seq., the Virginia Wage Payment Act ("VWPA"), Va. Code Ann. § 40.1-28.7:7, Va. Code Ann. § 40.1-29 et seq., Virginia's Minimum Wage Act, Va. Code Ann. § 40.1-28.9, Virginia's whistleblower statute: Va. Code Ann. § 40.1-27.3, and the common law of Virginia (*Bowman* claim).

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because one of more of the claims arise under federal law.

4. This Court has supplemental jurisdiction over the claims arising under Virginia state law because they are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C.§ 1367.

5. Venue lies in the Western District of Virginia ("this District") under 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and other similarly situated employees in this District, a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendant has done substantial business in this District.

### III. THE PARTIES

#### Named Plaintiff

6. Named Plaintiff, Elizabeth Turkette, is an individual, a United States citizen, and a resident of the Commonwealth of Virginia living in Roanoke, Virginia.

7. At all relevant times herein, Elizabeth Turkette was employed by Defendant as a bartender at Defendant's hotel and bar which is located at 1857 Grandin Road in Roanoke, Virginia.

8. Named Plaintiff brings this action on behalf of herself and those similarly situated, and she has given her written consent to bring this action to require Maridor to pay her and all others similarly situated for Defendant's violations of the FLSA, VMWA, VWPA, and Va. Code Ann. § 40.1-28.7:7. Pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b), Named Plaintiff's consent is attached hereto as **Exhibit 1**.

#### Proposed Collective Class:

9. The "FLSA Tip Credit Class" shall consist of Defendant's tipped employees that were not notified of the tipping credit arrangement before Defendant took credit for the tips that they received.

10. Under 29 U.S.C. § 216(b), Maridor's employees must affirmatively opt-in to become a member of this FLSA class.

**Proposed Rule 23 Classes:**

11. The "VMWA Class" shall consist of all Defendant's employees who received less than the minimum wage required by law in Virginia even after accounting for received tips.

12. The "Misclassified Employee Class" shall consist of all Defendant's employees who were or are classified as independent contractors despite being under the control and management of Defendant.

13. Under Fed. R. Civ. P. 23, employees at Maridor must affirmatively opt-out if they do not wish to be members of these two classes.

**Defendant Maridor, LLC**

14. Defendant Maridor, LLC ("Maridor") is a Limited Liability Company formed in the Commonwealth of Virginia.

15. Maridor operates a restaurant and bar in Roanoke, Virginia, that also offers suites for customers to rent.

16. Maridor employed Named Plaintiff at its bar in Roanoke, Virginia.

IV. **LEGAL PRINCIPLES: COLLECTIVE ACTION ALLEGATIONS**

**The Fair Labor Standards Act**

17. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 et seq., establishes minimum wage, overtime pay, record keeping, and employment standards for employees in the private sector and in federal, state, and local government. Defendant is subject to the FLSA's overtime requirements because its annual gross volume of sales is not less than $500,000.

4

18. Under 29 U.S.C. § 203(t), an employee, such as Named Plaintiff, is considered a "tipped employee" when the employee engages in an occupation in which she customarily and regularly receives more than $30 a month in tips.

19. Under 29 U.S.C. § 206(a)(1)(C), an employer must ensure that the tipped employee is paid at least $7.25/hour, the federal minimum wage.

20. 29 U.S.C. § 203(m)(2)(A) allows the employer to pay <u>less</u> than the federal minimum wage <u>if</u> the employee is a tipped employee by giving the employer credit for tips received by the employee.

21. However, before an employer can receive such a credit, the employer must notify the employee of the following five terms, either orally or in writing:

   a. the amount of the direct (or cash) wage that the employer is paying to the tipped employee, which must be at least $2.13/hour;

   b. the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12/hour, to make up the difference between the direct wage and the federal minimum wage.

   c. the employer cannot claim a tip credit that exceeds the amount of tips actually received by the tipped employee;

   d. the tipped employee must retain all tips received by the tipped employee except for situations involving a <u>valid</u> tip pooling arrangement <u>limited to employees who customarily and regularly receive tips</u>; and

   e. the tip credit will not apply to any tipped employee unless the employee has been notified of these terms.

22. Any employer that fails to give the above notice <u>cannot take the tip credit provided by 29 U.S.C. § 203(m)(2)(A)</u>.

23. If a tipped employee does not receive enough tips during the week to satisfy the minimum wage, the employer must make up the difference. 29 U.S.C. § 206.

24. Under 29 U.S.C. § 216(b), "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

**The Virginia Minimum Wage Act, Va. Code Ann. §§ 40.1-28.9–12**

25. The minimum wage in Virginia has been $12/hr. since January 1, 2023. See Va. Code Ann. § 40.1-28.10.

26. Under Va. Code Ann. § 40.1-28.9, the employer may add properly-allocated tips to employees' hourly wages to satisfy the Virginia minimum wage requirement.

27. Under Va. Code Ann. § 40.1-28.12, employers who violate Va. Code Ann. § 40.1-28.10 are liable for the unpaid minimum wages at 8% interest until paid, plus reasonable attorney fees incurred pursuing a remedy under that statute.

**The Virginia Wage Payment Act, Va. Code Ann. § 40.1-29**

28. The VWPA requires employers to timely pay employees for all hours worked as well as comply with the FLSA's minimum wage and overtime requirements.

29. Va. Code Ann. § 40.1-29(C) provides that "[n]o employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee."

30. Under Va. Code Ann. § 40.1-29(J), "if an employer fails to pay wages to an employee in accordance with this section or § 40.1-29.2, the employee may bring an action, individually ... against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated

damages, plus prejudgment interest thereon as provided in subsection G [8%], and reasonable attorney fees and costs."

31. Moreover, "[i]f the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section or § 40.1-29.2, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs." Id. "[A] person acts 'knowingly' if the person, with respect to information, (i) has actual knowledge of the information, (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information.

32. Establishing that a person acted knowingly shall not require proof of specific intent to defraud." Va. Code Ann. § 40.1-29(J).

33. Under Va. Code Ann. § 40.1-29(L), affected employees have three years to seek damages for violations of the VWPA.

**Misclassification of Workers, Va. Code Ann.  § 40.1-28.7:7**

34. Under Va. Code Ann. § 40.1-28.7:7(A), "[a]n individual who has not been properly classified as an employee may bring a civil action for damages against his employer for failing to properly classify the employee if the employer had knowledge of the individual's misclassification. An individual's representative may bring the action on behalf of the individual."

35. Individuals are presumed to be employees of the person or persons who paid them for services provided "unless it is shown that the individual is an independent contractor as determined under the Internal Revenue Service guidelines." Va. Code Ann. § 40.1-28.7:7(B).

36. Misclassified workers may collect "any wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, or other compensation lost to the individual, a reasonable attorney fee, and the costs incurred by the individual in bringing the action." Va. Code Ann. § 40.1-28.7:7(A).

37. Under 29 CFR § 795.105, an employee refers to "all workers who, as a matter of economic reality, are economically dependent on an employer for work," and an independent contractor refers to a worker, who as a matter of economic reality, is in business for herself.

38. Under 29 CFR § 795.110, whether an individual is an employee or an independent contractor depends on an economic reality test that considers the totality of the circumstances based on the following factors:

    a. Opportunity for profit or loss depending on managerial skill;

    b. Investments by the worker and the potential employer;

    c. Degree of permanence of the work relationship;

    d. Nature and degree of control;

    e. Extent to which the work performed is an integral part of the potential employer's business; and

    f. Skill and initiative.

## V.    LEGAL PRINCIPLES: INDIVIDUAL ALLEGATIONS

### Virginia's Whistleblower Retaliation Statute, Va. Code Ann. § 40.1-27.3

39. Va. Code Ann. § 40.1-27.3 forbids employers from retaliating against employees when the employee "[o]r a person acting on behalf of the employee in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official …."

40. Employees who are retaliated against for internally reporting violations of state or federal law are entitled to "bring a civil action in a court of competent jurisdiction within one year of the employer's prohibited retaliatory action." Va. Code Ann. § 40.1-27.3I.

41. The court may order as a remedy to the employee (i) an injunction to restrain continued violation of this section, (ii) the reinstatement of the employee to the same position held

8

before the retaliatory action or to an equivalent position, and (iii) compensation for lost wages, benefits, and other remuneration, together with interest thereon, as well as reasonable attorney fees and costs." Id.

### *Bowman* claim under Virginia Common Law

42. Under Virginia common law, employers are forbidden from retaliating against employees who complain about or oppose violations of a law that expresses a public policy of Virginia. This is known as a "*Bowman* claim."

43. The discharged employee must also show that he or she is within the class of persons the statute is designed to protect.

44. Under Virginia law, a textbook *Bowman* claim occurs "[w]hen 'the public policy violated by the employer was explicitly expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy.'" Francis v. Nat'l Accrediting Comm'n of Career Arts & Scis., Inc., 293 Va. 167, 173 (2017).

45. Va. Code Ann. § 40.1-33.1 is a state statute that punishes employers for retaliating against employees that report misclassification of employees as independent contractors.

46. An employee alleging a valid *Bowman* claim may recover both compensatory and punitive damages.

### Retaliation under the Fair Labor Standards Act

47. An employer may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter …." 29 U.S.C. § 215(a)(3).

48. To prove an FLSA retaliation claim, a plaintiff must show that: (1) she engaged in an FLSA protected activity; (2) she suffered an adverse action soon after engaging in an FLSA

9

protected activity; and (3) a causal connection exists between the protected activity and the adverse action.

49. An oral complaint may constitute a protected activity under the FLSA. Katsen v. Saint-Gobain performance Plastics, 564 U.S. 1, 14–15 (2011).

50. "To be a FLSA protected activity, an oral complaint must contain 'some degree of formality' and 'be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection.'" Id. at 14.

VI. **STATEMENT OF FACTS**

51. In February 2024, Named Plaintiff began working for Defendant as a bartender.

52. Seth Brubaker ("Mr. Brubaker"), Defendant's director and chef, provided Named Plaintiff a walk-through of the hotel and explained her job responsibilities.

53. Named Plaintiff worked Monday through Friday from 3:00 pm to approximately 10:00 pm each shift.

54. Defendant agreed to pay Named Plaintiff $5/hr., plus tips, as determined by a tip-out system that provided her 3% of tips from tables for whom she made drinks.

55. However, Defendant did not provide Named Plaintiff with the 3% of tips she earned for making drinks for servers when customers paid in cash.

56. On weekends, Named Plaintiff worked as a bartender for events hosted by Defendant.

57. When Named Plaintiff worked these events, Defendant paid her $15/hr, plus tips, as determined by a tipping pool.

58. Defendant did not provide a policy to Named Plaintiff explaining how tips would be distributed from the tip pool.

10

59. Defendant sometimes required Named Plaintiff to put her tips from credit cards into the tip pool and keep the cash while on other occasions told her to put everything into the tip pool.

60. Named Plaintiff asked Mr. Brubaker on multiple occasions how the tipping system for the events worked.

61. Despite the tipping pool format frequently changing for events, Mr. Brubaker told Named Plaintiff that the system remained the same for each event the hotel hosted.

62. Defendant often included kitchen staff and other employees who did not receive tips in the tipping pool.

63. Mr. Brubaker advertised on Facebook that Maridor was hiring a dishwasher for events that would be paid an hourly rate, plus tips.

64. On April 30, 2024, Defendant's accountant told Defendant he was worried the hotel would be audited due to all employees being listed as independent contractors instead of W-2 employees.

65. Named Plaintiff asked Mr. Brubaker when the employees' classification as independent contractors would be rectified.

66. Mr. Brubaker told Named Plaintiff it would take them <u>months</u> to resolve the employee classification issue.

67. Named Plaintiff <u>told Mr. Brubaker that the misclassification was unlawful</u> and stated the employees should have been on a W-2 the entire time.

68. Defendant created a new contract that required employees to agree they were independent contractors and would be paid accordingly.

69. The contract specified <u>employees must sign the new contract in order to keep their jobs</u>.

11

70. Defendant posted this illegal contract with a sticky note saying that all employees needed to sign it.

71. Named Plaintiff refused to sign the new contract and told Mr. Brubaker that the contract's provisions violated the law.

72. One day, the hotel owners, Robert Furrow and Adam Jones, approached Named Plaintiff while she was working.

73. Named Plaintiff asked them what the plan was to rectify the unlawful classification of employees and to fix the tip pool to comply with minimum wage laws.

74. Mr. Brubaker told Named Plaintiff she was causing division and strife at the workplace by speaking with other employees about Defendant's illegal acts and threatened to terminate her if she continued speaking with co-workers about this.

75. When Named Plaintiff refused to be silent about Defendant's violations of state and federal law, Mr. Brubaker took the restaurant keys back from Named Plaintiff, effectively eliminating her responsibility to close the restaurant after her shifts ended.

76. When Named Plaintiff asked Mr. Brubaker why he took away her keys, he could not provide a specific reason.

77. Mr. Brubaker then removed Named Plaintiff from entire shifts, reducing her wages, and advertised her position on Indeed.com and Facebook.

78. After finding a suitable replacement, <u>Defendant hired a new employee to fill Named Plaintiff's position</u>.

79. On June 7, 2024, after being deprived of shifts and replaced, Named Plaintiff confirmed with Mr. Brubaker that she was no longer employed at the Maridor.

## VII. CAUSES OF ACTION

### COUNT I
### Collective Action for FLSA Violations

80. Named Plaintiff hereby incorporates by reference paragraphs 1-79 as if fully restated in this Count I.

81. Under the FLSA, Defendant was required to pay Named Plaintiff and all other similarly situated class members for all time Defendant "suffer[ed] or permit[ted them] to work." 29 USC §§ 203(g), 206(a).

82. Moreover, under § 203(m)(2)(A) of the FLSA, Defendant was required to pay tipped employees no less than the federal minimum wage with the consideration of the tips they earned and notify them of any arrangement for the defendant to take credit for any tips.

83. By virtue of the acts described above, Defendant knowingly failed to notify Named Plaintiff and all other similarly situated class of the credit taken for any tips and failed to pay them the correct wages for tipped employees. Thus, Defendant may not claim any tip credit for payments made under this unlawful tip pool system.

84. On multiple workdays, Plaintiff and other similarly-situated employees earned less than the federal minimum wage when their hourly wages and validly-allocated tips were combined.

85. Under § 216(b) of the FLSA, Defendant is liable to Named Plaintiff and other class members for all unpaid minimum wages and/or unpaid overtime compensation in an additional equal amount as liquidated damages.

86. Under § 216(b) of the FLSA, Defendant is also liable to pay the attorney fees and costs Named Plaintiff and other class members incur pursuing a remedy for this violation.

## COUNT II
### Class Action for VMWA Violations

87. Plaintiff re-alleges and incorporates by reference paragraphs 1-86 as if fully restated in this Count II.

88. By virtue of the acts described above, Defendant knowingly paid Named Plaintiff and all other similarly situated class members at a rate less than $12.00 per hour.

89. Under Va. Code Ann. § 40.1-28.12, Defendant is liable to Named Plaintiff and other class members for all lost wages plus interest from the date the wages were due, plus attorney fees and costs.

## COUNT III
### Class Action for VWPA Violations

90. Plaintiff re-alleges and incorporates by reference paragraphs 1-89 as if fully restated in this Count III.

91. By virtue of the acts described above, Defendant knowingly paid Named Plaintiff and all other similarly situated class members less wages than they earned by failing to pay them in accordance with the minimum wage.

92. Defendant acted 'knowingly' because it had actual knowledge of the hours Named Plaintiff and other similarly situated class members worked, the tips Named Plaintiff and other similarly situated class members earned, and the requirement to pay these employees in compliance with minimum wage laws.

93. Defendant is therefore liable to Named Plaintiff and other class members in the amount withheld, plus an additional amount in liquidated damages -or- triple damages if this Court finds Defendant knowingly violated Va. Code Ann. § 40.1-29.

94. Defendant is also liable to pay the attorney fees and costs Named Plaintiff and other class members incur pursuing a remedy in this matter.

## COUNT IV
## Class Action for Misclassification
### (Va. Code Ann. § 40.1-28.7:7)

95. Plaintiff re-alleges and incorporates by reference paragraphs 1-94 as if fully restated in this Count IV.

96. Defendant knowingly failed to properly classify its workers as W-2 employees.

97. Worse, when told it was violating the law, Defendant refused to comply and demanded employees sign an unlawful contract agreeing they were independent contractors upon threat of termination if they refused.

98. Defendant is therefore liable to Named Plaintiff and other class members for individual damages for wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, or other compensation lost to the individual, plus attorney fees and costs incurred.

## COUNT V
## Individual Action for Whistleblower Retaliation
### (Va. Code Ann. § 40.1-27.3)

99. Plaintiff re-alleges and incorporates by reference paragraphs 1-98 as if fully restated in this Count V.

100. Named Plaintiff, Ms. Turkette, reported, in good faith, violations of state and federal law when she reported to her supervisor, Seth Brubaker, that Defendant was violating state law by misclassifying employees as independent contractors when they were W-2 employees.

101. As a direct and proximate cause of Ms. Turkette's good faith efforts to oppose Defendant's unlawful acts, Defendant refused to provide Ms. Turkette shifts, minimized her responsibilities, and effectively terminated her employment.

102. Under Va. Code Ann. § 40.1-27.3(C), Defendant is required to reinstate Ms. Turkette to her previous position and pay her all lost wages she incurred from this unlawful termination, plus reasonable attorney fees and costs.

## COUNT VI
### Individual Action for Bowman Claim
### (Virginia Common Law)

103. Plaintiff re-alleges and incorporates by reference paragraphs 1-102 as if fully restated in this Count VI.

104. Defendant terminated Ms. Turkette as a direct and proximate result of her complaining about Defendant's violations of state law.

105. Under Virginia common law, Defendant is liable to Named Plaintiff for compensatory and punitive damages arising out of Defendant's unlawful termination of her employment.

## COUNT VII
### Individual Action for FLSA retaliation
### 29 U.S.C. § 215

106. Plaintiff re-alleges and incorporates by reference paragraphs 1-105 as if fully restated in this Count VII.

107. The FLSA makes it illegal for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…." 29 U.S.C. § 215(a)(3).

108. Affected employees are entitled to reinstatement, lost wages, liquidated damages, attorney fees, and costs.  29 U.S.C. § 216(b)

109. Ms. Turkette reported in good faith, violations of the FLSA when she reported to her supervisor that she believed Defendant was violating the FLSA by failing to pay minimum wages.

110. As a direct and proximate cause of Ms. Turkette's good faith efforts to oppose Defendant's FLSA violations, Defendant terminated her employment.

111. Plaintiff's unlawful termination caused her to suffer lost wages that she will continue to suffer until she is reinstated.

112. Defendant is therefore liable to Ms. Turkette for all such lost wages and an additional, equal amount in liquidated damages, plus attorney fees and costs.

### VIII. PRAYER FOR RELIEF

**WHEREFORE,** Ms. Turkette requests judgment against Defendant and moves this Court for an Order:

    A. Certifying the proposed FLSA collective action under 29 U.S.C. § 216(b);

    B. Certifying the VMWA class action under Fed. R. Civ. P. 23;

    C. Certifying the Misclassified Employees class under Fed. R. Civ. P. 23;

    D. Directing prompt issuance of notice pursuant to 29 U.S. Code § 216(b) and Fed. R. Civ. P. 23(c)(2) to the FLSA collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to Fed. R. Civ. P. 23(c)(2);

    E. Directing prompt issuance of notice pursuant to Fed. R. Civ. P. 23(c)(2) to the VMWA class, apprising them of the pendency of this action and notifying them they must affirmatively opt out of the class if they do not wish to be included in this action;

    F. Declaring that Defendant violated the FLSA by failing to notify its employees of the tip credit arrangement before enacting it and failing to ensure that employees are paid according to the federal minimum wage requirements;

G.      Awarding Named Plaintiff and all others who join the proposed FLSA collective actions damages in the amount of all wages unlawfully withheld, an equal amount in liquidated damages, plus prejudgment and post-judgment interest, attorney fees, and costs;

H.      Declaring that Defendant violated the VMWA by failing to pay employees the difference required to meet minimum wage during each pay period;

I.      Awarding Named Plaintiff and all others who remain in the proposed VMWA class action damages in the amount of all wages unlawfully withheld, an equal amount in liquidated damages, plus prejudgment and post-judgment interest, attorney fees, and costs;

J.      Declaring that Defendant violated the VWPA by knowingly withholding wages that were required to be paid each pay period to each employee in order to meet minimum wage requirements;

K.      Awarding Named Plaintiff and all others who remain in the proposed VWPA class actions damages in the amount of all wages unlawfully withheld, plus an equal amount in liquidated damages (or triple damages if Defendant's violations are deemed knowing), at 8%, plus attorney fees and costs;

L.      Declaring that Defendant violated Va. Code Ann. § 40.1-28.7:7 by misclassifying its workers as independent contractors instead of W-2 employees;

M.      Awarding Named Plaintiff and all others who remain in the proposed Misclassified Workers class actions damages in any wages, salary, employment benefits, other compensation lost to the individual, plus attorney fees and costs;

N.      Declaring that Defendant violated Va. Code Ann. § 40.1-27.3 by retaliating against Elizabeth Turkette for reporting violations of state and federal law;

O. Awarding Elizabeth Turkette all lost wages she incurred from this unlawful termination, plus attorney fees and costs;

P. Declaring that Defendant violated 29 U.S.C. § 215(a)(3) by retaliating against Elizabeth Turkette for opposing Defendant's violations of the FLSA;

Q. Awarding Elizabeth Turkette all lost wages suffered as a result of this unlawful termination, an equal amount in liquidated damages, plus attorney fees and costs;

R. Awarding Elizabeth Turkette compensatory and punitive damages under Virginia common law resulting from Defendant's unlawful termination of her employment;

S. Requiring Defendant to reinstate Elizabeth Turkette to her previous position at Maridor;

T. Awarding Elizabeth Turkette her costs and fees incurred pursuing her individual claims as provided by Va. Code Ann. § 40.1-27.3, 29 U.S.C. § 215(a)(3), and Virginia Common law; and

U. Providing such other and further relief as this Court may deem necessary, just, and proper.

**JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE**

Respectfully Submitted,

**ELIZABETH TURKETTE, on behalf of herself and all other similarly situated**

By: /s/ *Christopher E. Collins*
Christopher E. Collins

*Counsel for Plaintiff*

Christopher E. Collins (VSB No. 90632)

Mia Yugo (VSB No. 92975)

**YUGO COLLINS, PLLC**

25 Franklin Road, SW

Roanoke, Virginia 24011

Tel: (540) 861-1529

Direct: (540) 855-4791

chris@yugocollins.com

mia@yugocollins.com

*Counsel for Plaintiff*