# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF VIRGINIA
## (Roanoke Division)

| | |
|---|---|
| **ELIZABETH TURKETTE**, on behalf of herself and others similarly situated, ) ) ) *Plaintiff*, ) ) v. ) ) ) **MARIDOR, LLC**, ) ) *Defendant*. ) | Civil Case No.: 7:24-CV-00408 |

## MOTION FOR DEFAULT JUDGMENT

COMES NOW Plaintiff Elizabeth Turkette ("Named Plaintiff"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated (collectively, "Plaintiffs"), and files this Motion for Default Judgment against Defendant Maridor, LLC ("Maridor" or "Defendant") for: 1) failing to pay its employees according to the minimum wage standards required by state and federal law; 2) failing to pay its employees all wages that they earned and were entitled to under state law; and 3) misclassifying employees as independent contractors , and seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 203 et seq. ("FLSA"), The Virginia Minimum Wage Act, Va. Code Ann. § 40.1-28.9 ("VMWA"), the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 et seq. ("VWPA"), and Va. Code Ann. § 40.1-28.7:7. Named Plaintiff also files this Motion for Entry of Default for her individual claims holding Defendant liable for its retaliation toward her for complaining about employee misclassification and wage theft.

**I.      STATEMENT OF FACTS**

1. On June 24, 2024, Named Plaintiff consented to serve as a Representative Plaintiff in an FLSA and misclassification class action lawsuit filed on behalf of herself and other similarly situated employees working for Defendant's restaurant in Roanoke, Virginia. See **ECF No. 5-1**.

2. On June 26, 2024, Named Plaintiff filed a Complaint (**ECF No. 5-2**) in this Court against Defendant seeking damages for violations of the FLSA, VMWA, VWPA, Va. Code Ann. § 40.1-287:7, and individual damages resulting from her retaliation claims.

3. Specifically, the Complaint sought:

   a. a declaration that Defendant violated the FLSA by failing to notify its employees of the tip credit arrangement before enacting it and failing to ensure that employees are paid according to the federal minimum wage requirements;

   b. an award providing Named Plaintiff and all others who join the proposed FLSA collective actions damages in the amount of all wages unlawfully withheld, an equal amount in liquidated damages, plus prejudgment and post-judgment interest, attorney fees, and costs;

   c. a declaration that Defendant violated the VMWA by failing to pay employees the difference required to meet minimum wage during each pay period;

   d. an award providing Named Plaintiff and all others who remain in the proposed VMWA class action damages in the amount of all wages unlawfully withheld, an equal amount in liquidated damages, plus prejudgment and post-judgment interest, attorney fees, and costs;

e. a declaration that Defendant violated the VWPA by knowingly withholding wages that were required to be paid each pay period to each employee in order to meet minimum wage requirements;

f. an award providing Named Plaintiff and all others who remain in the proposed VWPA class actions damages in the amount of all wages unlawfully withheld, plus an equal amount in liquidated damages (or triple damages if Defendant's violations are deemed knowing), at 8%, plus attorney fees and costs;

g. a declaration that Defendant violated Va. Code Ann. § 40.1-28.7:7 by misclassifying its workers as independent contractors instead of W-2 employees;

h. an award providing Named Plaintiff and all others who remain in the proposed Misclassified Workers class actions damages in any wages, salary, employment benefits, other compensation lost to the individual, plus attorney fees and costs;

i. a declaration that Defendant violated Va. Code Ann. § 40.1-27.3 by retaliating against Elizabeth Turkette for reporting violations of state and federal law;

j. an award providing Elizabeth Turkette all lost wages she incurred from this unlawful termination, plus attorney fees and costs;

k. a declaration that Defendant violated 29 U.S.C. § 215(a)(3) by retaliating against Elizabeth Turkette for opposing Defendant's violations of the FLSA;

l. an award pursuant to 29 U.S.C. § 215(b) providing Elizabeth Turkette all lost wages suffered as a result of this unlawful termination, an equal amount in liquidated damages, plus attorney fees and costs;

  m. an award providing Elizabeth Turkette compensatory and punitive damages under Virginia common law resulting from Defendant's unlawful termination of her employment;

  n. a requirement for Defendant to reinstate Elizabeth Turkette to her previous position at Maridor;

  o. an award providing Elizabeth Turkette her costs and fees incurred pursuing her individual claims as provided by Va. Code Ann § 40.1-27.3, 29 U.S.C. § 215(a)(3), and Virginia Common law; and

  p. an award providing any other and further relief as this Court may deem necessary, just, and proper.

(**ECF No. 5-2**, Prayer for Relief, at E-U.)

  4. The Complaint alleged that Defendant violated the FLSA and VWMA by failing to pay Named Plaintiff and all others similarly situated minimum wage and misclassified employees.

  5. When Named Plaintiff complained about these violations, Defendant terminated her employment, specifically because she had complained about the misclassification and the wage theft.

  6. As a result of being terminated, Named Plaintiff lost her wages and other benefits.

  7. On July 1, 2024, Defendant was served through the State Corporation Commission ("SCC") with a service of process, summons, and complaint. (See **ECF No. 5-3**.)

  8. On July 8, 2024, this Court filed the Certificate of Compliance issued by the SCC. (See id.)

9. On July 30, 2024, after Defendant failed to file any Answer or other responsive pleadings, Named Plaintiff filed a Motion for Entry of Default (**ECN No. 5**) asking this Court to declare Defendant to be in default.

10. On July 31, 2024, this Court entered default against Maridor. (See **ECN No. 7**)

11. Named Plaintiff now asks this Court to enter default judgment on her behalf and on behalf of all others similarly situated against Defendant, as reflected in the Prayer for Relief at the end of this Motion, and schedule a jury trial to determine the proper amount of damages to be awarded.

## II. LAW & ARGUMENT

Under Fed. R. Civ. P. 12(a)(1)(A), a private party defendant is required to file an Answer or other responsive pleadings "within 21 days after being served with the summons and complaint" unless the defendant has waived service, in which case the time period is extended to 60 days. Here, Defendant did not waive service, meaning it was required to file responsive pleadings on or before July 29, 2024.

Under Fed. R. Civ. P. 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On July 31, 2024 – 2 days beyond the deadline – this Court entered default against Maridor.

Under Fed. R. Civ. P. 55(b), a plaintiff whose claims are not "for a sum certain or a sum that can be made certain by computation," the plaintiff "must apply to the court for a default judgment." The Court "may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

Here, Named Plaintiff's claims are not for a sum certain. Her Prayer for Relief expressed damages that were contingent upon several factors, including the number of employees affected, the amounts unlawfully withheld, and the length of time between Named Plaintiff's termination and reinstatement.

12. Under the FLSA, Named Plaintiff and all others who join the proposed FLSA collective actions are entitled to the amount of all wages unlawfully withheld, plus an equal amount of liquidated damages, plus prejudgment and post-judgment interest, attorney fees, and costs.

13. Under the VMWA, Named Plaintiff and all others who remain in the proposed VMWA class action are entitled to an award of all unlawfully withheld minimum wages, plus an equal amount in liquidated damages, prejudgment and post-judgment interest, attorney fees, and costs.

14. Under the VWPA, Named Plaintiff and all others who remain in the proposed VWPA class action are entitled to an award of treble all unlawfully withheld wages at 8% prejudgment interest, plus interest, attorney fees, and costs.

15. Under Va. Code Ann. § 40.1-28.7:7, Named Plaintiff and all other who remain in the proposed class action are entitled to an award of damages for all wages, salary, employment benefits, and other compensation lost to the individuals, plus attorney fees and costs;

16. Under Va. Code Ann. § 40.1-27.3, Named Plaintiff is entitled to an award of damages for all lost wages she incurred from her unlawful termination, plus attorney fees and costs;

17. Under 29 U.S.C. § 215(a)(3), Named Plaintiff is entitled to an award of damages for all lost wages suffered as a result of her unlawful termination, an equal amount in liquidated damages, plus attorney fees and costs.

18. Named Plaintiff is also entitled to an award of compensatory and punitive damages under Virginia common law.

## III. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff asks this Court to enter judgment on her behalf and all others similarly situated against Defendant Maridor, LLC, awarding them the following relief:

a. Declare Defendant violated the FLSA, VMWA, VWPA, Va. Code. Ann § 40.1-28.7:7, Va. Code. Ann § 40.1-27.3, and 29 U.S.C. § 215(a)(3);

b. Declare Defendant violated Virginia common law by wrongfully terminating Named Plaintiff in violation of Virginia law and public policy;

c. Schedule a jury to determine the amount of damages Defendant owes Named Plaintiff and other class members;

d. Require Defendant to reinstate Named Plaintiff to her previously held position or pay her one year's salary in lieu of reinstatement;

e. Award Named Plaintiff and all class members interest on the above amounts; and

f. Award Named Plaintiff and all class members all costs and fees incurred in this litigation.

Respectfully Submitted,

ELIZABETH TURKETTE, on behalf of herself and all others similarly situated

By: */s/ Christopher E. Collins*

*Counsel for Plaintiff*

Christopher E. Collins (VSB No. 90632)
Mia Yugo (VSB No. 92975)
**YUGO COLLINS, PLLC**
25 Franklin Road, SW
Roanoke, Virginia 24011
Tel: (540) 861-1529
Direct: (540) 855-4791
chris@yugocollins.com
mia@yugocollins.com

*Counsel for Plaintiff*