IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

---

**ELIZABETH TURKETTE,** on behalf of herself and others similarly situated

**Plaintiff,**

v.

**WEDDING CRUSHERS LLC,** *et al.*,

**Defendants.**

Civil Action No. 7:24-cv-408

---

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiff Elizabeth Turkette and Defendants Wedding Crushers LLC, Robert Furrow, and Adam Jones (collectively the "Parties") have settled this action. The settlement satisfies all criteria for approval of a Fair Labor Standards Act ("FLSA") settlement because it is a fair and reasonable resolution of a bona fide dispute and is the result of arms-length settlement negotiations conducted by counsel well-versed in wage and hour law.

For the reasons set forth below, the parties respectfully request that the Court enter an order approving the settlement detailed in the Settlement Agreement (the "Settlement Agreement"). For the Court's convenience, the Settlement Agreement has been provided to the Court (Exhibit A).

### PROCEDURAL BACKGROUND AND SETTLEMENT NEGOTIATIONS

**Factual Allegations**

Elizabeth Turkette is currently the only Plaintiff opted into the case.

Plaintiff performed work on behalf of Wedding Crushers, LLC, which is owned by Robert Furrow and Adam Jones.

Plaintiff has alleged that she was misclassified as a 1099 independent contractor, that she is owed minimum and overtime wages, and that her employment ended due to reports she made regarding the same.

Defendants have alleged that Ms. Turkette was properly classified, and, even if Ms. Turkette was not properly classified, that she suffered no recoverable damages as Defendants do not offer benefits, Ms. Turkette was always paid minimum wage, and Ms. Turkette never worked overtime hours in a single workweek. Further, Defendants have alleged that Ms. Turkette resigned on her own accord and was not retaliated against for any reports that she made.

**Overview of Investigation, Litigation, and Settlement Negotiations**

The instant lawsuit has been pending for approximately 6 months, although the matter was initially brought against a different entity. The Amended Complaint naming Defendants was filed approximately 2 months ago.

The parties have exchanged all necessary documents and information to assess liability and to determine Plaintiff's potential damages.

Plaintiff avers that her potential lost wages,[1] to date, relating to her retaliation claims are approximately $6,500. Defendants vehemently contest that Plaintiff is owed any sums.

## SUMMARY OF THE KEY SETTLEMENT TERMS

**The Settlement Amount(s)**

As set forth in the Settlement Agreement, Plaintiff is obtaining more than her estimated lost wages. The amount of attorney fees and costs set forth in the Settlement Agreement is lower than Plaintiff's counsel's current lodestar.

---

[1] The term lost wages is used herein to reflect the terminology used by the law. However, Defendants assert that Plaintiff was, at all times, an independent contractor and the use of the term "wages" does not indicate otherwise.

2

**Release**

Plaintiff agreed to a release that is properly tailored to the claims resolved, which include retaliation claims pursuant to Va. Code § 40.1-27.3 and *Bowman*, in addition to the wage and hour claims.

**Denial of Liability**

The settlement acknowledges that Defendants deny liability to Plaintiff and the settlement of this matter should in no way be construed as an admission of liability.

## ARGUMENT

**I.     The Settlement Meets the Requirement for Approval of an FLSA Settlement.**

Settlement of an FLSA lawsuit must be approved by the U.S. Department of Labor or a federal district court. *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (citing *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005)). Courts in the Western and Eastern District of Virginia have traditionally taken their direction from the Eleventh Circuit and have held that an FLSA settlement should be approved if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014) (citing *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)). Furthermore, when the parties' settlement, as here, reflects "a reasonable compromise over the issues the court may approve it in order to promote the policy of encouraging settlement of litigation." *Kuntze v. Josh Enters., Inc.*, No. 2:18cv38, 2019 WL 2179220, at *1 (E.D. Va. May 20, 2019) (internal markings omitted) (citing *Lynn Food Stores*, 679 F.2d at 1354).

This settlement represents a good faith compromise of the parties' bona fide dispute of liability and damages under the FLSA. Furthermore, the proposed settlement terms are fair and reasonable, and the settlement was reached after arms-length negotiation with counsel well-versed

3

in FLSA and related state-law matters. For these reasons and based on the foregoing, the parties request that the Court approve the Settlement Agreement.

### A.     There is a Bona Fide Dispute over FLSA Provisions.

To merit Court approval, the settlement must involve a bona fide dispute over FLSA provisions. *See Patel*, 15 F. Supp. 3d at 654 (citing *Lynn Food Stores*, 679 F.2d at 1355). In this action, Plaintiff alleges that she was misclassified and not properly paid minimum wage and overtime compensation in violation of the FLSA (and Virginia law). As the Court has noted, "[a] bona fide dispute exists when an employee makes a claim that he or she is entitled to overtime payment." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1.08cv1310, 2009 WL 3094955, at *16 (E.D. Va. Sept. 28, 2009). The Settlement Agreement contains a provision wherein Defendants expressly deny any and all liability to Plaintiff. As such, this settlement represents a good faith compromise of the parties' bona fide dispute regarding the FLSA claims alleged in the Amended Complaint.

### B.     The Settlement is Fair and Reasonable.

"In determining whether a settlement is fair, adequate, and reasonable there is a *strong presumption* in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed." *LaFleur*, 189 F. Supp. 3d at 593 (emphasis added) (internal markings and citations omitted). Those factors to be considered when assessing whether an agreement is fair and reasonable are: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of the counsel who have represented the plaintiff; (5) the probability of Plaintiff's success on the merits; and (6) the amount

4

of the settlement in relation to the potential recovery. *Id.*; *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975). As detailed below, the factors point toward approval in this case.

### 1. The Extent of Discovery that has Taken Place.

The Parties exchanged the necessary information for the Parties to be able to assess their various legal and factual positions and for Plaintiff to calculate her potential damages. As a result, the parties had all the information they needed to evaluate the claims at issue and to determine whether settlement made legal and/or business sense.

### 2. The Stage of the Proceedings.

The parties are resolving this matter after Defendants filed a motion to dismiss. Significant litigation regarding the claims would need to happen if the matter had not settled. Extensive time and energy would have gone into discovery, dispositive motions, and potentially trial and appeals.

### 3. The Absence of Fraud or Collusion.

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12; *see also Kuntze*, 2019 WL 2179220, at *2. The parties negotiated this settlement at arms-length over a period of weeks. Thus, there is no evidence to outweigh the presumption that no collusion occurred between counsel.

### 4. The Experience of Counsel of Record.

When counsel has "experience in federal court and employment litigation . . . their opinion is entitled to weight." *Gagliastre v. Captain George's Seafood Rest., LP*, No. 2:17cv379, 2019 WL 2288441, at *3 (E.D. Va. May 29, 2019); *see also Flinn*, 528 F.2d at 1173 ("While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement."). All counsel are well-

respected lawyers with a breadth of experience in the fields of employment litigation and wage and hour law. Plaintiff's counsel has litigated a number of wage and hour cases, including, but not limited to:

<blockquote>

Jamie Keyser v. Giddy Holdings Inc. et al., 7:24-cv-00175 (W.D. Va. 2024);

Regina Fretwell v. Pallu Hospitality, LLC et al., 4:24-cv-00006 (W.D. Va. 2024);

Stacy Coogan v. Innovative Refrigeration Systems, Inc., 5:24-cv-00043 (W.D. Va. 2024);

Austin Jenkins v. Eldor Automotive Powertrain, LLC, 7:23-cv-00297 (W.D. Va. 2023);

Ryouga Kasper v. Yamada Japanese Restaurants, LLC, 6:23-cv-00050 (W.D. Va. 2023);

Amanda Baker v. Carriage Hill Retirement, LLC, 6:23-cv-00021 (W.D. Va. 2023); and

Stevie Priller v. Purpose Driven Events, LLC, 6:22-cv-00046 (W.D. Va. 2022);

</blockquote>

In addition to the cases cited above, Plaintiff's counsel has also successfully represented clients in numerous wage and hour cases filed in state court, as well as negotiated successful settlements prior to filing suit.

Plaintiff's counsel relied on sufficient information to evaluate, negotiate, and make well-informed judgments about the adequacy of the settlement. Based on Plaintiff's counsel's knowledge of the case and applicable law, as well as their experience in numerous similar wage and hour actions, Plaintiff's counsel's opinion is that the settlement is fair, reasonable, and adequate and resolves a bona fide dispute. That opinion, based on extensive knowledge of employment law, is entitled to significant weight.

### 5. The Probability of Plaintiff's Success on the Merits.

There is a vigorous dispute between the Parties regarding Plaintiff's chances of success on the merits.

6

### 6. The Amount of the Settlement in Relation to the Potential Recovery.

Plaintiff is receiving more than double her alleged current lost wages. Plaintiff's alleged lost wages were calculated by comparing compensation from Defendants to what Plaintiff has been compensated since that time. As there is a vigorous dispute as to whether Plaintiff was properly or improperly classified as an independent contractor, but an agreement that Plaintiff was in fact at all times paid as an independent contractor, the funds have been designated as 1099.

### 7. Plaintiff's Attorneys' Fees and Costs.

The FLSA provides in part that "the court … shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The settlement agreed to by the parties reflects this and rather than engaging in a time consuming and costly fight over the amount of attorneys' fees, the parties here were able to reach a resolution that encompassed the claim for attorneys' fees and costs, with Plaintiff's counsel agreeing to receive less than their lodestar.

The FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interests taints the amount the wronged employee recovers under a Settlement Agreement." *See Poulin v. General Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)); *see also Davis v. BT Ams. Inc.*, No. 2:16cv206, 2017 WL 11506967, at *2-3 (E.D. Va. May 10, 2017). When assessing the fairness of attorneys' fees pursuant to a court-ordered fee award, courts generally rely on the lodestar analysis.[2] *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992); *LaFleur*, 189 F. Supp.

---

[2] "The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate." *LeFleur*, 189 F. Supp. 3d at 593 (citing *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

7

3d at 593. However, assessing the fairness of attorneys' fees that are part of a negotiated FLSA settlement is not identical to the traditional lodestar analysis. *Devine v. City of Hampton*, No. 4:14cv81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015). In determining the reasonableness of attorneys' fees in an FLSA settlement, courts should give some deference to the parties' voluntary agreement and use lodestar principals as a cross-check to assess fairness. *Id.* (citing *Poulin*, 2010 1813497, at *1).

## CONCLUSION

This Settlement was reached after continued settlement negotiations. The Parties engaged in analysis of the facts and the data at issue and the Settlement Agreement provides Plaintiff significant monetary relief. Because the settlement is a fair and reasonable resolution of a bona fide dispute between the Parties, it should be approved.

Respectfully submitted,

By: /s/ Christopher E. Collins
Christopher E. Collins (VSB No. 90632)
Mia Yugo (VSB No. 92975)
YUGO COLLINS, PLLC
25 Franklin Road, SW
Roanoke, Virginia 24011
Tel: (540) 861-1529
Direct: (540) 855-4791
chris@yugocollins.com
mia@yugocollins.com
*Counsel for Plaintiff*

By: /s/ Brittany M. Haddox
Brittany M. Haddox (VSB No. 86416)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA 24018
Tel: (540) 283-0802
brittany@vaemployment.law
*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2025, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Christopher E. Collins